UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDGAR WONG,<br>    Plaintiff, | 05cv1604 (WWE) |
| v. | |
| PRECISION AIRMOTIVE, LLC.,<br>    Defendant and Third<br>    Party Plaintiff, | |
| TREASURER, STATE OF<br>CONNECTICUT,<br>    Intervenor, | |
| v. | |
| LATOOCE, LLC, DANBURY FLIGHT<br>SCHOOL, LLC, NORTH AMERICAN<br>FLIGHT SCHOOL, LLC, and A-1<br>AIRCRAFT SERVICES, INC.,<br>    Third Party Defendants. | |

## RULING ON MOTION TO DISMISS

This case is a product liability action asserted by plaintiff Edgar Wong, a pilot of an aircraft that crashed near Danbury Municipal Airport, against defendant Precision Airmotive, LLC., the alleged product seller and manufacturer of the aircraft's carburetor. Precision has filed a third-party complaint against Latooce, LLC, Danbury Flight School, LLC ("DFS"), North American Flight School, LLC ("NAFS"), and A-1 Aircraft Services, Inc., alleging liability pursuant to the Connecticut Product Liability Act ("CPLA") §§ 52-577a(b) and 52-572o. The Treasurer of the State of Connecticut as Custodian of the Second Injury Fund was allowed to intervene in the action against third party defendants in light of the Fund's potential obligation to pay workers' compensation

1

benefits to plaintiff pursuant to Connecticut General Statutes § 31-355.

Third party defendants Latooce, DFS and NAFS filed a motion to dismiss the third party claims against them.[1]  For the following reasons, the motion to dismiss will be denied.

## **Background**

The following factual background is reflected in the complaint, Precision's amended answer, the intervening complaint, and the amended third party complaint. For purposes of ruling on this motion to dismiss, the Court considers all of the factual allegations to be true.

Plaintiff was an employee or independent contractor of NAFS. On January 7, 2004, plaintiff was piloting a flight on an aircraft leased by DFS from Latooce. Due to an allegedly defective carburetor, the aircraft crashed near Danbury Municipal Airport.

Precision is alleged to be the product seller and manufacturer of the carburetor installed in the aircraft. Third party defendant A-1 Aircraft Services performed all maintenance on the aircraft.

Plaintiff sustained bodily injuries as a result of the aircrash. Plaintiff's employer NAFS was not insured for workers' compensation benefits, and the Second Injury Fund may become liable to plaintiff Wong for the medical attention related to the injuries he sustained.

---

[1]The parties have now stipulated a dismissal of all claims against Latooce.

**Discussion**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Geisler v. Petrocelli, 616 F. 2d 636, 639 (2d Cir. 1980).  In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party.  Cruz v. Beto, 405 U.S. 319, 322 (1972).

Precision as "Product Seller"

DFS and NAFS first argue that Precision cannot bring its third-party action pursuant to Connecticut General Statute § 52-577a(b).  Specifically, third party defendants assert that Precision's answer denies that it is a "product seller," which is fatal to its right to implead third parties.[2]  Section 52-577a(b) provides, in relevant part:

> a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court.

---

[2] A "product seller" in a product liability case is defined in Connecticut General Statutes § 52-572m(a) as any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The statute also includes as "product sellers" lessors or bailors of products "who are engaged in the business of leasing or bailment of products."

3

Connecticut courts have interpreted this statute as affording only "product sellers" the right to implead. See Paul v. McPhee Electrical Contractors, 46 Conn.App. 18, 23 (1997).

Precision represents that it is pleading alternative theories pursuant to Federal Rule of Civil Procedure 8(e). While Precision's answer denies that it is a "product seller," its amended third party complaint states plaintiff "has filed a complaint . . ., alleging that Precision is a 'product seller' under the Connecticut Product Liability Act . . . ." In light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8, the Court construes Precision's third party complaint as alleging that it is a "product seller." Accordingly, the Court will leave the parties to their proofs, and will deny the motion to dismiss on this ground.

### Precision's Claim for Contribution

Third party defendants argue that Precision cannot assert a claim for contribution pursuant to Connecticut General Statutes § 52-572o against them. Third party defendants assert that Precision cannot avail itself of § 52-572o since: 1) Precision cannot properly implead DFS and NAFS; and 2) Section 52-572o(e) bars Precision's independent contribution claim since it applies to actions that have already received a judgment.

However, as previously discussed, this Court finds that Precision has properly alleged that it is a "product seller" and therefore may implead DFS and NAFS. Further, a product liability defendant may properly implead third parties and bring third-party claims for contribution prior to the rendering of a judgment. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 196 (1989).

4

Third party defendants NAFS and DFS next assert that the exclusivity provision of the Workers' Compensation Act bars this contribution action against them as plaintiff's alleged employers. Conn. Gen. Stat. § 31-284(a). Precision counters that third party defendants' failure to maintain workers' compensation coverage removes NAFS and DFS from the shelter of the exclusivity provision. Conn. Gen. Stat. § 31-284(b).

A purpose of the Workers' Compensation Act is to avoid two independent compensations for one injury. Gurliacci v. Mayer, 218 Conn. 531, 570 (1991). When a third party plaintiff seeks contribution from a plaintiff's employer, contribution is generally denied since the employer cannot be jointly liable in tort to the employee due to the operation of the Workers' Compensation Act. Ferryman v. Groton, 212 Conn. 138, 144 (1989). The Connecticut Supreme Court has carved out an exception to that exclusivity bar where the employer breached an independent duty owed to the third party plaintiff. Id. at 145.

Third party defendants do not refute that they failed to retain workers' compensation coverage, and that failure to maintain such coverage may give rise to liability in tort to plaintiff Wong. Conn. Gen. Stat. § 31-284(b). Instead, third party defendants' reply contends that plaintiff Wong was actually an independent contractor. The reply also advances two new legal arguments: 1) the right to assert a personal injury action is vested with plaintiff, not Precision; and 2) allowing Precision to maintain a third party action against plaintiff's employer would result in double recovery in contravention of the underlying policy of the Workers' Compensation Act. Third party defendants assert that the Second Injury Fund brief states that it has been obligated to

5

pay Workers' Compensation benefits. However, the Second Injury Fund's brief does not clearly articulate that it is at present obligated for such payments, although its brief refers to the allegation that it <u>may</u> become obligated to pay plaintiff's medical costs related to his injuries.

On this motion to dismiss, the Court can only rule within the confines of the facts alleged. The Court will not rule on these two new legal theories without full legal briefing of the relevant facts and issues. It will determine whether the third party defendants may be liable for contribution on a motion for summary judgment.

## **Conclusion**

For the foregoing reasons, the motion to dismiss [#70 ] is DENIED.


Dated this 29th day of May 2007 in Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton, Senior U.S. District Judge