**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EDGAR WONG,** | : | **05cv1604 (WWE)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PRECISION AIRMOTIVE, LLC.,** | : | |
| **Defendant and Third** | : | |
| **Party Plaintiff,** | : | |
| | : | |
| **TREASURER, STATE OF** | : | |
| **CONNECTICUT,** | : | |
| **Intervenor,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LATOOCE, LLC, DANBURY FLIGHT** | : | |
| **SCHOOL, LLC, NORTH AMERICAN** | : | |
| **FLIGHT SCHOOL, LLC, and A-1** | : | |
| **AIRCRAFT SERVICES, INC.,** | : | |
| | : | |
| **Third Party Defendants.** | : | |

**RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**

This case is a product liability action asserted by plaintiff Edgar Wong, the pilot

of an aircraft that crashed near Danbury Municipal Airport, against defendant Precision

Airmotive, LLC., the alleged product seller and manufacturer of the aircraft's carburetor.

Precision has filed a third-party complaint against Latooce, LLC, Danbury Flight School,

LLC ("DFS"), North American Flight School, LLC ("NAFS"), and A-1 Aircraft Services,

Inc., alleging liability pursuant to the Connecticut Product Liability Act ("CPLA") §§ 52-

577a(b) and 52-572o.  The Treasurer of the State of Connecticut, as Custodian of the

Second Injury Fund, was allowed to intervene in the action against third party

defendants in light of the Fund's potential obligation to pay workers' compensation

1

benefits to plaintiff pursuant to Connecticut General Statutes § 31-355.

Precision has filed a motion for partial judgment on the pleadings.   For the following reasons, the motion for judgment on the pleadings will be denied.

## Background

The following factual background is reflected in the complaint, Precision's amended answer, the intervening complaint, and the amended third party complaint. For purposes of ruling on this motion to dismiss, the Court considers all of the factual allegations to be true.

Plaintiff was an employee or independent contractor of NAFS.  On January 7, 2004, plaintiff was piloting a flight on an aircraft leased by DFS from Latooce.  Due to an allegedly defective carburetor, the aircraft crashed near Danbury Municipal Airport.

Precision is alleged to be the product seller and manufacturer of the carburetor installed in the aircraft.  Third party defendant A-1 Aircraft Services performed all maintenance on the aircraft.

Plaintiff sustained bodily injuries as a result of the aircrash.

## Discussion

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).     The Court must assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof.  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  The Court must accept all well-

pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).

Precision argues that plaintiff's state law claims brought pursuant to the CPLA are preempted by the Federal Aviation Act of 1958 ("FAA"). Precision advances a theory of implied field preemption, maintaining that the federal law so thoroughly occupies the field of aviation safety as to preclude state regulation. See Abdullah v. Am. Airlines, Inc., 181 F.3d 363, 371 (3d Cir. 1999).

The FAA "was passed by Congress for the purpose of centralizing a single authority — indeed, in one administrator — the power to frame rules for the safe and efficient use of the nation's airspace." Air Line Pilots Assoc., Int'l v. Quesada, 276 F.2d 892, 894 (2d Cir. 1960). At the same time, the FAA includes a "savings clause" providing: "A remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 401209(c). This savings clause contemplates that state law actions may coexist absent an irreconcilable conflict between the federal statutory scheme and state law. See Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 299 (1976).

In support of its position that the CPLA action should be preempted, Precision relies, inter alia, upon the Third Circuit's reasoning in Abdullah v. American Airlines, Inc., which held that the FAA preempted air safety standards, although passengers injured during turbulence were entitled to recover state law remedies based on federal standards. Specifically, the court noted that the "the FAA and relevant federal regulations establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, jurisdictions...." In Aldana v. Air East Airways, Inc., 477 F.Supp.2d 489

(D.Conn. 2007), plaintiffs sued in negligence to recover damages sustained when an airplane crashed into their homes. The district court adopted the reasoning of Abdullah, holding that the FAA established the standard of care for airline travel but that plaintiffs could still seek state remedies for their injuries. Id. at 493.

Plaintiff counters that the reasoning of Abdullah and Aldana is relevant to cases involving standards for aircraft operation rather than the standards for the design and manufacture of aircraft parts. Plaintiff points out that federal aircraft regulations exist for operation of aircraft, presenting a potential conflict with any state law standards.

By contrast, Congress has rejected legislation proposed by the General Aviation Accident Liability Standards Act that provided for an exclusive federal cause of action relevant to aviation product liability. Senate Report No. 101-303 (May 23, 1990). The Senate Committee concluded that "creation of national product liability standards for the general aviation industry is contrary to historical precedent and would establish a dangerous standard to follow." Id. However, in 1994, Congress did approve inclusion of an express preemption clause that the FAA "supercedes any State law" to the extent that such law permits product liability actions to be brought against manufacturers of aircraft parts after 18 years from the date of product installation. General Aviation Revitalization Act of 1994, Pub.L 103-298, Aug. 17, 1994.

Both the Tenth and Eleventh Circuits have rejected arguments that the FAA and its regulations impliedly preempted state product liability law. Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1442 (10th Cir. 1993); Public Health Trust v. Lake Aircraft, 992 F.2d 291 (11th Cir. 1993). In determining that no "clear and manifest" proof of Congressional intent to preempt existed, these decisions noted that the Airline

4

Deregulation Act of 1978 amended the FAA to provide for specific preemption of air rates and routes but excluded product liability claims. The reasoning of <u>Cleveland</u> and <u>Public Health Trust</u> has even greater force after the 1994 amendment limiting express preemption of product liability to actions involving products more than 18 years old. Thus, this Court cannot find that plaintiff's claims – – which do not concern products that are more than 18 years old – – are preempted. The motion for partial judgment on the pleadings will be denied.

## **<u>Conclusion</u>**

For the foregoing reasons, the motion for judgment on the pleadings [#114] is DENIED.


Dated this __10__th day of January 2008 in Bridgeport, Connecticut.


_____


_____/s/_____
Warren W. Eginton, Senior U.S. District Judge